UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RONALD L. McGOVERN,

    Plaintiff,

v.

SPOKANE POLICE DEPARTMENT, et al.,

    Defendants.

NO. CV-08-378-LRS

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Defendants' Motion For Summary Judgment (Ct. Rec. 30). It is heard without oral argument.

This is a 42 U.S.C. Section 1983 action in which the Plaintiff claims he was falsely arrested by City of Spokane police officers who used excessive force upon him in violation of his federal constitutional rights. Plaintiff apparently also asserts related state law claims. Furthermore, Plaintiff asserts his rights under the Americans With Disabilities Act (ADA), 42 U.S.C. Section 12101 *et seq.*, were violated.[1]

---

[1] These are the claims asserted in Plaintiff's Second Amended Complaint. (Ct. Rec. 17). Although Plaintiff did file a Third Amended Complaint (Ct. Rec. 26), he did so without filing a motion and seeking leave of the court, although he was instructed in an order (Ct. Rec. 27) of the necessity of doing so. Accordingly, the Third Amended Complaint is not considered.

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 1**

**SUMMARY JUDGMENT STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

**FALSE ARREST**

Officer James Muzatko had reasonable suspicion to stop the vehicle the

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 2**

Plaintiff was driving.  An officer must have "a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause. *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581 (1989), citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968).  Officer Muzatko had developed information that a vehicle bearing a certain license plate he had observed coming from a location known for criminal activity was registered to a felony warrant suspect, "Roger C," who had a felony warrant out of Wenatchee under the alias "Rodney C."  This was the vehicle Plaintiff turned out to be driving on the morning he was stopped by Officer Muzatko.  According to Officer Muzatko, the driver of the vehicle (who turned out to be the Plaintiff) matched the general physical description of "Roger C."

Under the circumstances, it was appropriate for Officer Muzatko to inquire regarding Plaintiff's identity.  Questions concerning a suspect's identity are a routine and accepted part of *Terry* stops.  *Hiibel v. Nevada*, 542 U.S. 177, 185-89, 124 S.Ct. 2451 (2004).  Plaintiff denied he was "Roger C" and Officer Muzatko then asked the Plaintiff for identification.  Plaintiff indicated he did not have any identification and that he did not have a driver's license either.  Plaintiff then identified himself as "Ronald McGovern."  Officer Muzatko ran Plaintiff's name through the computer, along with the Plaintiff's date of birth and other identifying information, and learned the Plaintiff had a suspended driver's license.  Officer Muzatko then informed the Plaintiff he was under arrest for misdemeanor "Driving with a Suspended License in the 3rd degree."

The Fourth Amendment requires law enforcement officers to have probable cause before making a warrantless arrest. *Michigan v. Summers*, 452 U.S. 692, 700, 101 S.Ct. 2587 (1981).  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 3**

person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). An arrest is unlawful unless there is probable cause to believe a specific criminal statute has been or is being violated. *Devenpeck v. Alford*, 543 U.S. 146, 152, 124 S.Ct. 588 (2004). Because probable cause is a wholly objective "reasonable officer" standard, the officer's subjective motivation is irrelevant. *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769 (1996). Here, Officer Muzatko clearly had probable cause to arrest the Plaintiff for driving with a suspended license considering the offense had been committed in the officer's presence. The offense of driving on a suspended license in the third degree is a misdemeanor for which, in the State of Washington, the driver may be arrested. *State v, Perea*, 85 Wn.App. 339, 341-42, 932 P.2d 1258 (1997).

The stop of the vehicle the Plaintiff was driving, and the arrest of Plaintiff for driving with a suspended license, were constitutionally proper. There are no genuine issues of material fact to preclude the court from making such findings as a matter of law.[2]

**EXCESSIVE FORCE**

Excessive force claims are analyzed under the Fourth Amendment's "objectively reasonable" test. *Graham v. Connor,* 490 U.S. 386, 394-95, S.Ct. (1989*)*. " ' [T]he right to make an arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.' " *Muehler v. Mena*, 544 U.S. 93, 99 (2005), quoting *Graham*, 490 U.S. at 396. The force, however, must be "objectively reasonable" in light of the facts and circumstances confronting the officers, without regard to their underlying intent or motivation.

---

[2] The search of Plaintiff's vehicle incident to the arrest was constitutionally proper under the law prevailing at the time, *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860 (1981).

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 4**

*Graham*, 490 U.S. at 397. The use of handcuffs is warranted in inherently dangerous settings to minimize the risk of harm to suspects, officers and innocent third parties. *Muehler*, 544 U.S. at 100. Alleged injuries reflecting only minimal force are insufficient to qualify as constitutionally excessive or overcome the officers' entitlement to qualified immunity. *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000) (Police officer's use of force against arrestee was *de minimis*, and thus, officer did not lose his qualified immunity from arrestee's § 1983 claim alleging excessive force; officer grabbed arrestee and shoved him a few feet against a vehicle, pushed his knee into the arrestee's back and pushed arrestee's head against the van, searched arrestee's groin area in an uncomfortable manner, and placed the arrestee in handcuffs); *Bowles v. State*, 37 F. Supp. 2d 608, 612 (S.D.N.Y. 1999) (In § 1983 action, arrestee failed to state claim of use of excessive force, where arrestee merely alleged that he was pushed and shoved by officer during search incident to arrest).

The record shows that Officer Muzatko, with the assistance of Officer David Grenon[3], used a standard handcuffing ("double cuff") procedure on the Plaintiff which was justified under the circumstances and which entailed a *de minimis* use of force. Likewise, the record shows the subsequent removal of the handcuffs was pursuant to standard procedure and entailed only a *de minimis* use of force.[4] Plaintiff has not raised a genuine issue of material fact that the officers employed excessive force and has not produced any medical evidence establishing he suffered injuries at that time which were more serious than what would be

---

[3] Officer Grenon necessarily must be the "Officer Eugene" referred to in Plaintiff's Second Amended Complaint.

[4] Plaintiff's Second Amended Complaint, which is the complaint of record, appears to contend the alleged excessive force occurred when the handcuffs were removed.

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 5**

expected from a *de minimis* use of force.  This *de minimis* use of force was reasonable and not excessive.  Furthermore, even if the force used was excessive in some respect, the individual officers would be entitled to qualified immunity from damages on the basis that a reasonable officer would have believed the force used was justified and not excessive.  There was no clearly established law which would have put the officers on notice that the force used by them during these standard handcuffing and "uncuffing" procedures was excessive and in violation of Plaintiff's constitutional rights.  The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982).  Even assuming the existence of a constitutional violation, an officer is entitled to qualified immunity if the constitutional right was not clearly established at the time of the alleged violation.  *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001).

**STATE LAW CLAIMS**

To the extent Plaintiff is asserting state law claims for false arrest and excessive force (assault), those claims are barred by the applicable two year statute of limitations.  RCW 4.16.100(1).  The incident occurred on December 5, 2005 and Plaintiff did not file his complaint until December 5, 2008.[5]

To the extent Plaintiff alleges a state law claim of "outrage," it appears it is not time-barred because the three-year limitation period specified in RCW 4.16.080(2) applies.  *Cox v. Oasis Physical Therapy, PLLC*, 153 Wn.App. 176,

---

[5] The federal Section 1983 claims are timely since the three-year limitation period specified in RCW 4.16.080(2) pertains to those claims.  *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981).

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 6**

192, 222 P.3d 119 (2009). The elements of "outrage" are: 1) extreme and outrageous conduct; 2) intentional or reckless infliction of emotional distress, and 3) actual result to the plaintiff of severe emotional distress. *Brower v. Ackerley*, 88 Wn.App. 87, 98, 943 P.2d 1141(1997). Based on the undisputed facts of record, and the court having found as a matter of law there was no false arrest of the Plaintiff and excessive force was not used upon him, the court finds as a matter of law the officers did not engage in extreme and outrageous conduct and intentionally or recklessly inflict emotional distress upon the Plaintiff. Moreover, there is no evidence in the record establishing that Plaintiff suffered severe emotional distress.

**ADA CLAIM**

There is no evidence in the record raising a genuine issue of material fact as to whether Plaintiff was "excluded from participation in or denied the benefit of [a] public entity's services, programs, or activities, or was otherwise discriminated against by [a] public entity" by reason of a disability. 42 U.S.C. Section 12132. Because Plaintiff was legitimately arrested, and force was reasonably used upon him, it necessarily follows that Plaintiff was not discriminated against because of any physical disability.

**CONCLUSION**

Defendants' Motion For Summary Judgment (Ct. Rec. 30) is **GRANTED**. Defendants are awarded judgment on all claims asserted by Plaintiff in his Second Amended Complaint. Because no constitutional violation was committed by the individual officers, there can be no liability on the part of the City of Spokane or its police department. *City of Los Angeles v. Heller*, 475 U.S. 796, 798-99, 106 S.Ct. 1571 (1986).

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT-** 7

**IT IS SO ORDERED.** The District Court Executive is directed to enter judgment accordingly and forward copies of the judgment and this order to Plaintiff and to counsel for Defendants.

**DATED** this ___3rd___ day of May, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 8**